IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ASSOCIATION OF AMERICAN SCHOOL PAPER SUPPLIERS,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>            Defendant. | Before: Hon. _____,<br>                Judge<br><br>Court No. 23-00102 |

# COMPLAINT

Plaintiff the Association of American School Paper Suppliers ("AASPS"),[1] by and through its attorneys, alleges and states as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

The AASPS brings this Complaint to contest portions of the final results issued by the U.S. Department of Commerce ("Commerce") in the 2020-2021 administrative review of the antidumping duty order on certain lined paper products from India. The final results were issued on April 5, 2023 and were published in the *Federal Register* on April 12, 2023. *See Certain Lined Paper Products from India*, 88 Fed. Reg. 21,971 (Dep't Commerce Apr. 12, 2023) (final results of antidumping duty admin. review and final deter. of no shipments; 2020-2021) ("Final Results") and accompanying Issues and Decision Memorandum ("Final Decision Memo"). The final results were amended on April 28, 2023 and the amended final results were published in the *Federal Register* on May 4, 2023. *See Certain Lined Paper Products from India*, 88 Fed. Reg. 28,493

---

[1] The individual members are ACCO Brands USA LLC, Norcom, Inc., and Top Flight, Inc.

**Court No. 22-00102**

(Dep't Commerce May 4, 2023) (amended final results of antidumping duty admin. rev. 2020-2021).

## JURISDICTION

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *codified as amended at* 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii).

## STANDING

2.      The AASPS is a trade association whose members manufacture or process the domestic like product. Accordingly, the AASPS is an interested party within the meaning of 19 U.S.C. § 1677(9)(G). The AASPS was also a party to the administrative review in connection with which this matter arises, and actively participated in the review. Accordingly, the AASPS has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

3.      The AASPS commenced this action by filing a Summons on May 12, 2023, within 30 days after the publication of the Final Results in the *Federal Register*. Summons (May 12, 2022), ECF No. 1. The AASPS is filing this Complaint within 30 days after filing the Summons. The Summons and Complaint, therefore, are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

4.      On November 5, 2021, Commerce initiated the administrative review subject to this Complaint, covering the period of review of September 1, 2020 to August 31, 2021. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 61,121, 61,123 (Dep't Commerce Nov. 5, 2021). Commerce selected Cellpage Ventures Private Limited

**Court No. 22-00102**

("Cellpage") and Navneet Education Limited ("Navneet") as mandatory respondents. *See* Memorandum from Samuel M. Brummitt, Int'l Trade Compl. Analyst, Off. III, AD/CVD Operations, through Eric B. Greynolds, Program Manager, Off. III, AD/CVD Operations, to Erin Begnal, Dir., Off. III, AD/CVD Operations, re: *Antidumping Duty Administrative Review of Certain Lined Paper Products from India: Respondent Selection* (Jan. 14, 2022).

5. In response to Commerce's initial antidumping questionnaire, Cellpage reported that it did not have a viable home market and indicated that Afghanistan was its largest third country export market. Letter from Cellpage Ventures Private Limited to Sec'y Commerce, re: *Certain Lined Paper Products from India: Cellpage Ventures Private Limited's Response to Section A of the Original Antidumping Questionnaire* (Feb. 22, 2022) at A-3. In response, the AASPS submitted comments questioning whether Cellpage's home market was non-viable and whether Afghanistan was an appropriate comparison market. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Lined Paper Products from India: Comments on Cellpage's Section A Questionnaire Response* (Mar. 8, 2022).

6. Commerce published the Preliminary Results on October 6, 2022. *Certain Lined Paper Products from India*, 87 Fed. Reg. 60,650 (Dep't Commerce Oct. 6, 2022) (prelim. results of antidumping duty admin. review, prelim. deter. of no shipments, and partial rescission of antidumping duty admin. review; 2020-2021) ("Preliminary Results") and accompanying Preliminary Decision Memorandum ("Preliminary Decision Memo"). In its memorandum accompanying the Preliminary Results, Commerce found that Cellpage's home market was viable after determining that the company did not have knowledge that certain sales were destined for export, such that those sales should be considered home market rather than export sales. *See* Preliminary Decision Memo at 18-19. Commerce explained, however, that it did not use

**Court No. 22-00102**

Cellpage's home market questionnaire response to calculate normal value in the preliminary results because the agency received the response just days before the deadline for the preliminary results. *Id.* at 19. Although Cellpage had submitted a comparison market questionnaire response for its Afghani sales, Commerce did not use Cellpage's sales to Afghanistan to calculate normal value in the Preliminary Results and used constructed value as the basis for normal value instead. *Id.*

7. After reviewing case and rebuttal briefs submitted by the AASPS and Cellpage, Commerce issued the final results. In its case and rebuttal briefs, the AASPS argued that if Commerce were to find that Cellpage had shown that it had knowledge that certain sales were destined for export and therefore its home market was not viable, Commerce should continue to calculate normal value using constructed value. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Lined Paper Products from India: Case Brief* (Jan. 3, 2023) at 11-14 ("AASPS Case Brief"); Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Lined Paper Products from India: Rebuttal Brief* (Jan. 10, 2023) at 7-8 ("AASPS Rebuttal Brief"). The AASPS explained that prices in Afghanistan were not representative and could not be the basis for normal value. *See* AASPS Case Brief at 11-12; AASPS Rebuttal Brief at 7-8. The AASPS also argued that Cellpage had not demonstrated that it had knowledge that its Afghani sales passed Commerce's "knowledge test." AASPS Case Brief at 13-14.

8. In the Final Results, Commerce found that Cellpage did not have a viable home market because it had demonstrated that it had knowledge that certain sales were destined for export at the time of sale. Final Decision Memo at 10-12. Although the AASPS explained that Afghanistan was not a suitable comparison market, Commerce calculated normal value based on Cellpage's sales to Afghanistan. Final Decision Memo at 11-12. Because the other mandatory

**Court No. 22-00102**

respondent, Navneet, received a *de minimis* margin, Commerce determined the margins for Goldenpalm Manufacturers Private Limited, ITC Limited-Education and Stationery Products Business, Lotus Global Private Limited, Pioneer Stationery Private Limited, PP Bafna Ventures Private Limited, and SGM Paper Products using the margin that it calculated for Cellpage. Final Results, 88 Fed. Reg. at 21,972.

## CLAIMS AND BASES FOR RELIEF

### Count I

9. The AASPS hereby realleges and incorporates by reference paragraphs 1 through 8.

10. Commerce's determination that Cellpage had knowledge that certain sales were destined for export and therefore should not be counted as home market sales, thereby making Cellpage's home market nonviable, is not supported by substantial evidence, is inadequately explained, and is otherwise contrary to law. Specifically, Commerce failed to make a reasonable, adequately explained, and adequately supported determination that Cellpage had demonstrated, at the time of sale, that it had knowledge that certain sales in India were destined for export to a third-country market.

### Count II

11. The AASPS hereby realleges and incorporates by reference paragraphs 1 through 10.

12. Commerce's selection of Afghanistan as a comparison market is not supported by substantial evidence, is inadequately explained, and is otherwise contrary to law. In particular, Commerce failed to make a reasonable, adequately explained, and adequately supported determination that prices in Afghanistan were sufficiently representative enough to form the basis

**Court No. 22-00102**

of normal value. Likewise, Commerce failed to adequately address record evidence calling into question whether the relevant sales were actually to Afghanistan.

## Count III

13. The AASPS hereby realleges and incorporates by reference paragraphs 1 through 12.

14. Commerce based the margins for Goldenpalm Manufacturers Private Limited, ITC Limited-Education and Stationery Products Business, Lotus Global Private Limited, Pioneer Stationery Private Limited, PP Bafna Ventures Private Limited, and SGM Paper Products on the margin determined for Cellpage. However, because the margin determined for Cellpage was flawed by reason of the issues raised in Counts I and II of this complaint, the margin determined for these companies were similarly unsupported by substantial evidence, inadequately explained, and otherwise contrary to law.

**Court No. 22-00102**

## **REQUEST FOR JUDGMENT AND RELIEF**

For the reasons stated in this Complaint, the AASPS respectfully requests that the Court:

(1) Hold that Commerce's Final Results in the 2020-2021 antidumping duty administrative review of *Certain Lined Paper Products from India* are not supported by substantial evidence on the record, are inadequately explained, and are otherwise not in accordance with law; and

(2) Remand the Final Results to Commerce for disposition consistent with the Court's final opinion.

                                          Respectfully submitted,

                                          */s/ Timothy C. Brightbill*
                                          Timothy C. Brightbill, Esq.
                                          Maureen E. Thorson, Esq.
                                          Paul A. Devamithran, Esq.
                                          Nicole C. Hager, Esq.

                                          **WILEY REIN LLP**
                                          2050 M Street, NW
                                          Washington, DC 20036
                                          (202) 719-7000

                                          *Counsel for Association of American School Paper Suppliers*

Dated: June 5, 2022